REYES, PLAINTIFF AND APPELLANT, *v.* PALERM, DEFENDANT AND APPELLEE.

## APPEAL from the District Court of San Juan in an Action of Ejectment.

### No. 2308.—Decided July 12, 1921.

ATTORNEY IN FACT—CONDITIONAL SALE—RATIFICATION.—Although an attorney in fact may not be empowered to sell the properties of his principal conditionally, if the principal tacitly ratifies such a contract he is estopped from suing for its annulment. In this case there was the implied ratification to which section 1629 of the Civil Code refers, because with the proceeds of the sale made by the attorney in fact with the consent of his principal the latter repurchased the property from the person to whom it had been sold conditionally and also because, though having knowledge of the improvements which the grantee was making on the property after the sale, the principal did not protest against such improvements.

The facts are stated in the opinion.

*Mr. J. B. Soto* for the appellant.

*Messrs. Oller & Rodríguez* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Eladia Feliciano sued Gabriel Palerm to recover an urban property bought by him from Claudio Díaz Ortiz, her attorney in fact, together with the sum of $2,520 as rents and

profits and $10,000 as damages. In the contract of purchase and sale the right was reserved by Díaz Ortiz to repurchase the property. The judgment was adverse to the plaintiff and in the appeal taken by her she maintains that the sale made by her attorney in fact is null and void in accordance with this court's holding in the case of *Garcia et al.* v. *Suro et al.*, 19 P. R. R. 721, for although she gave to her son-in-law the power to sell her property outright, she did not authorize him to sell it with such a condition.

It appears from the record that the appellant was the owner of a house on which there were two mortgages in favor of the same creditor amounting to $2,400 and she personally so sold it on May 12, 1915, to Arturo García de Luque under a similar condition for the sum of $3,000 of which she received $600, the vendee retaining $2,400 to answer for the mortgages on the property. Before the expiration of the time fixed for the repurchase of the property the owner personally redeemed it from García de Luque with money which her attorney in fact had obtained from Gabriel Palerm, and on the same day, August 13, 1915, her attorney in fact and son-in-law, Claudio Díaz Ortiz, executed a deed conveying the property to Palerm, with a repurchase condition, for the sum of $3,200, of which the grantee paid $800 and retained $2,400 for the mortgages. In the following month the grantee paid the two mortgages with interest for three months, they being due according to the mortgage contracts by reason of the failure to pay to the mortgagee the interest thereon for three months. The conditional sale was recorded in the registry of property, and the consummation of the sale at the expiration of the time allowed for redemption and the cancelation of the mortgages were also noted in the registry. Later Palerm, the grantee, made improvements on the house to the value of $1,600, more or less, and four years after the sale the present action was brought.

The power of attorney which the appellant gave to her son-in-law, Claudio Díaz Ortiz, confers upon him the following powers, among others:—Second. To purchase, sell, assign, exchange, give in payment, pledge, mortgage the said properties, executing therefor such public or private instruments as the character of the acts may demand.—Fourth. To loan and borrow money with such personal or real securities as may be offered or demanded and to execute the corresponding contracts, publicly or privately.

In view of the foregoing we must conclude that the sale to Palerm should not be annulled, because the attorney in fact was not only authorized to sell, as in the case of *García* v. *Suro, supra,* but he was empowered also to encumber and mortgage the property and to borrow money, giving such securities as might be demanded; therefore if the conditional sale made in this case is to be considered as a lien on the property as security for a loan, the attorney in fact was empowered to create it.

But even if the attorney in fact had no power to sell the property with such a condition, the appellant is estopped from pleading the nullity of the sale made by her attorney in fact, because she used Palerm's money to redeem the property from the sale made personally by her to García de Luque and by means of it she again obtained the title of ownership which she now asserts against Palerm, receiving besides a profit of $200. Besides, she had knowledge of the conditional sale made by her attorney in fact, as appears from the evidence, and in testifying at the trial she said that everything her attorney in fact had done was well done. She also knew of the improvements made by Palerm on the property and made no objection, this being a ratification of the acts of her attorney in fact, which may be express or implied according to section 1629 of the Civil Code. That section provides that a principal is liable, in so far as the agent has

exceeded his power, only when he ratifies the same, expressly or in an implied manner. Section 1226 of the same code provides that a contract executed in the name of another by one who has neither his authorization nor legal representation shall be void, unless it should be ratified by the person in whose name it was executed before being revoked by the other contracting party.

As to section 1278 of the same code, which the appellant cites to the effect that it shall be understood that there is an implied confirmation when, being aware of the cause of the nullity, and such cause having ceased to exist, the person who may have a right to invoke it should execute an act which necessarily implies his wish to renounce such a right, that statute is not applicable to the present case, but to those contracts mentioned in section 1267 of the Civil Code, in which, notwithstanding the existence of the consent of the parties, an object and a consideration for the obligation, there may exist any of the defects which invalidate them according to law.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.